UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FILED**
99 DEC -1 PM 2: 58
U.S. DISTRICT COURT
N.D. OF ALABAMA

RODERICK JEROME BELL, )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. CV-99-S-87-NE
 )
CITY OF HUNTSVILLE, ALABAMA, )
a municipal corporation, and )
GERALD E. NORRIS, in his )
individual capacity, )
 )
    Defendants. )

**ENTERED**

DEC - 1 1999

### MEMORANDUM OPINION

This action is before the court on plaintiff's motion to quash the deposition subpoena *duces tecum* served upon Monica Bell, his wife. The court first notes that the subpoena commanded her to appear for her deposition on Wednesday, November 24, 1999, at 10:00 a.m. at the law offices of Sirote & Permutt, P.C., 200 Clinton Avenue, Suite 1000, Huntsville, Alabama; however, plaintiff waited until Monday, November 29, 1999, at 3:30 p.m. to file the present motion. In any event, plaintiff claims that this information is protected under Fed. R. Evid. 501 as a confidential communication between husband and wife. The court disagrees and finds that plaintiff's motion is due to be denied.

Rule 501 of the Federal Rules of Evidence provides that a claim of privilege in federal court is resolved by federal common

law, unless the action is a civil proceeding and the privilege is invoked "with respect to an element of a claim or defense as to which State law supplies the rule of decision." Fed. R. Evid. 501. In the present case, this court's jurisdiction is founded upon 28 U.S.C. § 1331, as plaintiff has asserted a claim of unlawful search and seizure through the conduit of 42 U.S.C. § 1983. Additionally, plaintiff also has asserted supplemental state law claims, to which the Alabama Rules of Evidence arguably could apply based on a literal interpretation of Rule 501. Although the Eleventh Circuit acknowledged that "Rule 501 is not clear as to which rule should be followed when the federal and state laws of privilege are in conflict[,]" *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992), the court followed the majority of the other circuits in holding that the federal law of privilege applies to all claims.

> [I]t would be impractical to apply two different rules of privilege to the same evidence before a jury. We therefore hold that the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question, even if the witness-testimony is relevant to a pendent state law count which may be controlled by a contrary state law of privilege.

*Id.* (internal citations omitted). Accordingly, this court will apply the federal version of the husband-wife privilege.

Federal common law recognizes two distinct forms of marital

2

privilege: (1) the privilege against adverse spousal testimony (*see Trammel v. United States*, 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980)); and (2) the confidential marital communications privilege (*see Wolfe v. United States*, 291 U.S. 7, 54 S.Ct. 279, 78 L.Ed. 617 (1934)). The privilege against adverse spousal testimony is invoked "to exclude evidence of criminal acts and of communications made in the presence of third persons." *Trammel*, 445 U.S. at 51, 100 S.Ct. at 913. Although "[n]o other testimonial privilege sweeps so broadly [in scope,]" *Id.*, it may only be asserted by the witness spouse. 445 U.S. at 53, 100 S.Ct. at 914. Moreover, most have restricted the privilege to criminal proceedings. *See e.g., Appeal of* Malfitano, 633 F.2d 276, 277 (3rd Cir. 1980) (holding that "[t]he crux of [the privilege against adverse spousal testimony] is that a person may not be forced to be a witness against his or her spouse in a <u>criminal</u> proceeding") (emphasis supplied); *Ryan v. Commissioner of Internal Revenue*, 568 F.2d 531, 544 (7th Cir. 1977) (holding that "the privilege should be limited to instances in which it makes the most sense, where a spouse who is neither a victim nor a participant observes evidence of the other spouse's <u>crime</u>") (emphasis supplied); *see also* 3 Jack B. Weinstein and Margaret A. Berger, Weinstein's Evidence § 505.03

3

(1999) (stating that "[t]he privilege against adverse spousal testimony allows a witness to take the stand against a defendant spouse in a <u>criminal</u> proceeding") (emphasis supplied). The adverse spousal testimony privilege is not applicable in the present case, however, because it is raised by plaintiff himself, not his wife, and this is a civil, not a criminal, proceeding.

The scope of the confidential marital communications privilege is narrower than the adverse spousal testimony privilege, see *United States v. Premises Known As 281 Syosset Woodbury.Toad, Woodbury, New York*, 71 F.3d 1067, 1070 (2nd Cir. 1995), and protects only "information privately disclosed between husband and wife in the confidence of the marital relationship...." *Trammel*, 445 U.S. at 51, 100 S.Ct. at 913. Unlike the adverse spousal testimony privilege, it may be invoked by either spouse, see *Premises*, 71 F.3d at 1070, however, "[t]he privilege extends only to words or acts that are intended as a communication to the other spouse." *United States v. Evans*, 966 F.2d 398, 401 (8th Cir. 1992). As articulated by the Court of Appeals for the District of Columbia, four prerequisites must be met before the privilege may be asserted:

> (1) there must have been a communication; (2) there must have been a valid marriage at the time of the

4

communication; (3) the communication must have been made in confidence; and (4) the privilege must not have been waived.

*Securities and Exchange Commission v. Lavin*, 111 F.3d 921, 925 (D.C. Cir. 1997).

In the present case, plaintiff seeks to prohibit the taking of his wife's deposition, but such request clearly is too broad to be protected by the marital communications privilege. Although the privilege would certainly protect the disclosure of information revealed in private conversations between plaintiff and his wife, it would not prohibit her from testifying altogether.

Moreover, plaintiff has not sufficiently revealed the circumstances surrounding the disclosures that he seeks to exclude. He merely offers a conclusory statement, that "[t]he deposition and documents sought by the defendants seek information concerning the plaintiff's whereabouts on January 19, 1997[,] prior to his contact with defendant Gerald Norris." (Plaintiff's motion ¶ 4.) Plaintiff has not revealed how Monica Bell acquired the information concerning plaintiff's whereabouts. If plaintiff disclosed the information to her in a private conversation, outside of the presence of a third party, then it is likely that the marital communications privilege would protect this information. On the other hand, if Monica Bell personally observed plaintiff's

5

whereabouts on January 19, 1997, then such information is not protected. *See e.g., Pereira v. United States*, 347 U.S. 1, 6, 74 S.Ct. 358, 362-363, 98 L.Ed. 435 (1954) (noting that the marital communications privilege "generally, extends only to utterances, and not to acts"); *Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1997) (holding that privilege did not bar wife from testifying that petitioner returned home at a particular time carrying a blood stained knife and "had blood on his arms, smeared on his arms and his hands, on his shirt, and his pants, and some on his work boot[,]" because the privilege extends only to confidential communications, not to observed acts); *United States v. Lofton*, 957 F.2d 476, 477 (7th Cir. 1992) (holding that "acts observed by [defendant's] wife are not privileged, [and] any testimony regarding her observation of his use of cocaine or her knowledge whether the package at issue was for him was properly admitted"); *United States v. Lewis*, 433 F.2d 1146, 1150-1151 (D.C. Cir. 1970) (holding that defendant's departure on day of robbery and his return with a sawed-off shotgun was not a communication to his wife, but rather was an act, that was neither communicative nor confidential).

Moreover, the privilege does not extend to protect the

6

documents requested by defendants. Specifically, defendants seek documents which reflect credit card charges, automatic teller machine withdrawals, checks written by plaintiff, and any other documents indicating any other payments made by plaintiff on January 18-19, 1997. Such documents are not protected, because they do not qualify as private communications between a husband and wife. Moreover, credit card charges and written checks are methods of payment to third parties and, thus, by their very nature, are intended to be conveyed outside the sanctity of the marital relationship. As stated by the Supreme Court:

> [W]herever a communication, because of its nature or the circumstances under which it was made, was obviously not intended to be confidential, it is not a privileged communication. And, when made in the presence of a third party, such communications are usually regarded as not privileged because not made in confidence.

*Wolfle*, 291 U.S. at 14, 54 S.Ct. at 280.

Accordingly, plaintiff's motion to quash is due to be denied, as it is not presently apparent to the court that Monica Bell's deposition testimony and document production is protected by either the privilege against adverse spousal testimony or the confidential marital communications privilege. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this $1st$ day of December, 1999.

United States District Judge